HEARD APRIL TERM, 1875.

GOWER *vs.* THOMSON.

An order of a Circuit Judge denying a motion in a civil action on a money demand to change the place of trial, made under Section 149 of the Code of Procedure, is not appealable.

BEFORE COOKE, J., AT GREENVILLE, AUGUST, 1874.

This was an action by Sallie A. Gower against Thomas Thomson. The case for this Court did not state what was the cause of the action further than this—the complaint was stated to be a complaint on money demand.

The defendant resided in Abbeville County, and the action was commenced on the 6th of June, 1874, in Greenville County, where the plaintiff resided.

The defendant moved for an order to change the place of trial from Greenville to Abbeville County. The motion was made after notice, and upon affidavits submitted by the defendant, the plaintiff submitting none.

The motion was denied and the defendant appealed.

*Noble*, for appellant.

*Earle & Wells*, contra.

October 1, 1875. The opinion of the Court was delivered by

WRIGHT, A. J. The motion below, the refusal of which is assigned as error, was to change the place of trial under the power conferred on the Circuit Court by Section 149 of the Code of Procedure, which sets forth the cases "in which such change may be made." It includes the following among them: "When the convenience of witnesses and the ends of justice would be promoted by the change." We are not informed by the brief of the character of the action, but must conclude that it was one which, at the time it was brought about, allowed the plaintiff to select the County, provided "any of the parties at its commencement resided therein."—Code, § 148. Affidavits were submitted to sustain the grounds on which the defendant relied, and their allegations were not in any way assailed or contradicted by the plaintiff. While we are free to confess that our conclusion would have been different if the original right to determine the question had been vested in us, we do not see any power which authorizes us to interfere with the order made by the Circuit Court.

In *Cureton* vs. *Hutchinson*, (3 S. C., 607,) the cases in which this Court can exercise jurisdiction to review errors at law are clearly and distinctly stated. The right is conferred under the Constitution by Section 11 of the Code, as amended by the Act of November 25, 1874.—15 Stat., 195. It would be impossible to give any construction to the words of the said Section which could properly embrace within their meaning the case now presented. We are not to be understood as holding that the power "to change the place of trial" under the said Section 149 of the Code, or "to change the venue" by virtue of Section 5 of Chapter 105 of the General Statutes, page 497, is so entirely in the control of the Circuit Court as to preclude the interposition of this Court from the review of every order which may be claimed under their respective provisions. The place of trial, when designated and fixed by law, may so attach as an incident (particularly in criminal cases) to the jurisdiction of the Court as necessarily to involve the merits of the action; and other

instances may be adduced where the place of trial, though not fixed by statute, may become a jurisdictional question.

The motion is dismissed.

*Moses*, C. J., and *Willard*, A. J., concurred.